UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **LOGAN DRISCOLL,** | Civil Action No: |
| Plaintiff, | |
| V. | |
| **WOODS HOLE OCEANOGRAPHIC INSTITUTION,** | |
| **Defendant.** | |

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Now comes the Plaintiff in the above-entitled action and says:

### Jurisdiction and Venue Statement:

1. This Court's subject matter jurisdiction is premised upon the Jones Act, 46 U.S.C §§ 30104 *et seq.* (formerly codified at 46 U.S.C. § 688) and the general maritime law of the United States.

2. Alternatively, this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1333.

3. Venue is premised upon 28 U.S.C. § 1391(b)(1) in that defendant's principal place of business is located within the State of Massachusetts.

### Parties:

4. Plaintiff Logan Driscoll is currently a citizen and resident of the State of California and at all material times was a seaman and member of the crew of the vessel R/V ATLANTIS.

5. Defendant Woods Hole Oceanographic Institution was and still is a Massachusetts corporation with its principal place of business located at 266 Woods Hole Road Woods Hole, MA 02543-1050.

## COUNT I [JONES ACT & UNSEAWORTHINESS]

6. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 5 of this Complaint as if set forth herein at length.

7. At all relevant times, defendant Woods Hole Oceanographic Institution was the owner and/or owner *pro hac vice* of the R/V ATLANTIS.

8. At all relevant times, defendant Woods Hole Oceanographic Institution operated the R/V ATLANTIS.

9. At all relevant times, defendant Woods Hole Oceanographic Institution controlled the R/V ATLANTIS.

10. At all relevant times and dates hereinafter mentioned, the plaintiff was a seaman and member of the crew of the R/V ATLANTIS and an employee of defendant Woods Hole Oceanographic Institution.

11. On or about April 19, 2017, without any fault on the part of the plaintiff, and wholly and solely by reason of the negligence, recklessness and carelessness of defendant, and its agents, servants and/or employees, and by reason of the unseaworthiness of the R/V ATLANTIS, its equipment and appurtenances, an improperly secured and stationed rack of steel plates tipped over, causing plaintiff to be seriously injured, including but not limited to an open comminuted intra-articular fracture of the distal femur, requiring multiple surgical procedures.

12. The injuries sustained by the plaintiff were not caused by any fault on his part, but were caused by the negligence of defendant, Woods Hole Oceanographic Institution, its agents, employees and/or servants, as follows:

(a) failure to use due care to provide and maintain a seaworthy vessel with safe and proper appliances;

(b) failure to use due care and to make reasonable and periodic inspection of said vessel, its equipment and appliances;

(c) failure to use due care to furnish the plaintiff with a reasonably safe place in which to perform his work;

(d) failure and negligence of fellow employees;

(e) failure of the captain, officers, crew, and/or agents of the defendant to provide seaworthy equipment; and

(f) failure and negligence in other respects that will be shown at trial of this matter.

13. As a result of the foregoing, the plaintiff was rendered sick, sore, lame and disabled and sustained severe and permanent personal injuries, was and is internally and externally disabled causing him to suffer pain, and for a time he was prevented from attending to his daily labors, thereby losing sums of money which he otherwise would have earned as wages, and has endeavored to be cured of his injuries, and has expended sums of money to maintain himself, and will continue to endure pain and suffering, all to his damage.

## SECOND COUNT

14.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 13 of this Complaint with the same force and effect as if set forth at length herein.

15.     Plaintiff is entitled to past and future maintenance, cure and medical expenses for the period that he was disabled and unable to work.

**WHEREFORE**, plaintiff LOGAN DRISCOLL demands judgment against defendant WOODS HOLE OCEANOGRAPHIC INSTITUTION on all causes of action in a just and reasonable amount, together with the costs, interest and disbursements of this action, and such other and further relief as this Court deems just and proper.

Dated: 10/25/18

*application for *pro hac vice* admission
to be filed contemporaneously herewith

Respectfully submitted,

FRIEDMAN, JAMES & BUCHSBAUM LLP
Attorneys for plaintiff LOGAN DRISCOLL

By_____
Andrew V. Buchsbaum*
132 Nassau Street, Suite 900
New York, NY 10038
t: (212) 233-9385
f: (212) 619-2340
abuchsbaum@friedmanjames.com

THE KAPLAN/BOND GROUP
Attorneys for plaintiff LOGAN DRISCOLL

By  /s/ Thomas M. Bond
Thomas M. Bond, B.B.O. No. 546649
THE KAPLAN/BOND GROUP
21 Merchants Row, Suite 3A
Boston, MA  02109
(617) 261-0080
tbond@kaplanbond.com